IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRELL KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3358 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DR. KAMAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following motions filed by the plaintiff, Tyrell Knight: (1) the plaintiff's Motions for a Temporary Restraining Order ("TRO") and Preliminary Injunction (filing nos. 20 and 32); (2) the plaintiff's requests for additional summons forms (filing nos. 25, 29, 34, 47 and 50); (3) the plaintiff's Motions to Amend Complaint (filing no. 33 and 35); (4) the plaintiff's Motion for Information (filing no. 36); (6) the plaintiff's Motion to Compel (filing no. 40); and (7) the plaintiff's Motion for Summary Judgment (filing no. 42).  Defendant-Dr. Mohammad S. Kamal has filed two motions: a Motion to Dismiss (filing no. 38), and a Motion for Protective Order (filing no. 44).

**Motions to Amend**

The plaintiff, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983.  He alleges that prison officials and medical staff subjected him to the administration of antipsychotic medication without his consent. The medication caused side effects including the onset of diabetes.

The plaintiff's claims, as amended and supplemented, are set forth in his complaint (filing no. 1), Amended Complaint (filing no. 13), Evidentiary Supplement to Amended Complaint (filing no.17), Supplement (filing no. 22), Amendment (filing no. 24), Supplement (filing no. 26), Amendment (filing no. 33), and Amended and Restated Complaint (filing no. 35).  At this time, all submitted Amendments and Supplements and Amended Complaint(s) are accepted for filing instanter.   Therefore, filing nos. 33 and 35, the plaintiff's Motions to Amend Complaint, are granted.[1]

---

[1] In filing no. 36, the plaintiff asks a question about amending his complaint.  This Memorandum and Order in effect answers the question by accepting all of the plaintiff's amendments and supplements for filing instanter. To that extent filing no. 36 is granted.

1

**Summons Forms**

The plaintiff's filings indicate that on September 8, 2003, the following persons participated in administering antipsychotic drugs to the plaintiff against his wishes: Dr. Mohammad S. Kamal, a physician; Wayne Chandler, a physician's assistant or other health care worker; Nurse Christine Mildorfer (sometimes referred to by the plaintiff as "Nurse Jane Doe"); and Captain Diltz (sometimes referred to by the plaintiff as "Captain John Doe"). The plaintiff has sued all defendants in their individual and official capacities (filing no. 35 at 4) for monetary and injunctive relief.

Thus far, a summons has been issued (filing no. 23) and returned executed (filing no. 28) only as to Dr. Kamal in his individual capacity. Therefore, the plaintiff's motions for additional summons forms (filing nos. 25, 29, 34, 47 and 50) are granted. The Clerk of Court shall send the plaintiff three blank summons forms and three Form 285s which the plaintiff shall complete and return for service on the remaining individual-capacity defendants: Wayne Chandler, Christine Mildorfer and Captain Diltz. The Clerk of Court shall also send the plaintiff an additional summons and Form 285 to be completed for service of process on the defendants, as a group, in their official capacity.[2]

**Discovery**

Because Dr. Kamal has not been served in his official capacity, and the other defendants have not been served in any capacity, the plaintiff's Motion to Compel discovery is premature. Therefore, filing no. 40 is denied. After the defendants have been

---

[2]When completing forms for service of process on state employees in their *official* capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part: "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General." The address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

On the other hand, state employees sued in their *individual* capacity may be served at one or more address(es) where they may be found, e.g., at home or at work. To sue a government employee in the employee's *official* capacity is, in reality, to sue the governmental **employer** of that person. To sue a government employee in the employee's *individual* capacity is to sue the employee himself (or herself) personally. Each defendant in his or her individual capacity must be named on a separate summons form. However, all defendants in their *official* capacity may be named as a group on one summons form, because, in law, a suit against one or more state employees in their *official* capacity is actually a suit against the State itself.

2

properly served and have appeared in the case, the plaintiff may serve discovery requests on counsel for the defendants.

## Summary Judgment

In filing no. 42, and supporting affidavit, the plaintiff contends that no issues of fact remain, and summary judgment should be entered in his favor as a matter of law. The motion is premature. Three defendants have not been served with process, and Dr. Kamal, who has been served in his individual capacity only, has not yet answered the complaint, as amended, having instead filed a motion to dismiss. Filing no. 42 is denied.

## Injunctive Relief

Filing nos. 20 and 32, the plaintiff's Motions for a TRO and Preliminary Injunction, are premature for the same reasons as the plaintiff's summary judgment motion. In addition, the plaintiff does not allege any continuing administration of antipsychotic medication without his consent. The record of this case does not indicate whether the defendants forcibly administered medication on any occasion other than September 8, 2003. Filing nos. 20 and 32 are denied.

## Dismissal

In filing no. 38, Dr. Kamal moves for dismissal of the complaint on the following grounds: (1) the complaint fails to state a claim on which relief may be granted; (2) Dr. Kamal in his official capacity has not been served with process; and (3) Dr. Kamal in his individual capacity is entitled to qualified immunity. The plaintiff will have an opportunity to serve Dr. Kamal in his official capacity. The other two issues are governed by the Supreme Court's decision in Washington v. Harper, 494 U.S. 210 (1990) ("Harper") and subsequent decisions applying Harper.

In Harper, 494 U.S. at 221-22, 227, the United States Supreme Court ruled that, under the Due Process Clause of the Fourteenth Amendment, a state prisoner has a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs. The Court balanced that interest against a state's interest in medicating a mentally ill prisoner and set forth standards governing when an inmate may be forcibly medicated against his will. First, as determined by a treating psychiatrist, the inmate must have a serious mental illness; the illness must render the inmate dangerous to himself or others, and medication must be in the inmate's medical interest. Second, the state must have procedures in place providing, at a minimum, the following procedural protections: notice, the right to be present at an adversary hearing, the right to present and cross-examine witnesses, and an independent decisionmaker.

As the Eighth Circuit noted in Doby v. Hickerson, 120 F.3d 111, 114 (8th Cir. 1997), "these four procedural protections are minimal constitutional requirements for satisfying procedural due process when a state involuntarily administers antipsychotics to a prisoner." Because, in Doby v. Hickerson, the required protections were not afforded to the plaintiff, the defendant violated clearly established law; qualified immunity provided no shield, and damages were properly awarded to the plaintiff. Id. ("The [district] court found that Doby was not provided with these protections at any time. That finding is not clearly erroneous, and we conclude that Hickerson's course of treatment violated clearly established law."). In addition, the plaintiff in Doby v. Hickerson "experienced severe side effects that continued for weeks after the medications were discontinued." Id. at 114. Damages within a range of $25 to $129 per day were reasonable "[g]iven the significance of the liberty interest at issue." Id.

Mr. Knight may or may not have a claim under the Eighth Amendment to the United States Constitution, but he has stated a claim on which relief may be granted under the Due Process Clause. Although invoking qualified immunity, Dr. Kamal has not addressed any of the standards required by the Supreme Court in Harper. As long ago as 1997, the Eighth Circuit described the Harper requirements for involuntary administration of antipsychotic drugs as "clearly established law." Doby v. Hickerson, 120 F.3d at 113, 114. Accordingly, filing no. 38, Dr. Kamal's Motion to Dismiss, is denied. As a result, the defendant's Motion for Protective Order (filing no. 44) is denied as moot.

IT IS THEREFORE ORDERED:

1. That the plaintiff's requests for additional summons forms (filing nos. 25, 29, 34, 47 and 50) are granted;

    a. The Clerk of Court shall send the plaintiff a total of four blank summons and 285 forms which the plaintiff shall complete in accordance with this Memorandum and Order and return to the Clerk by **June 24, 2005**;

    b. Upon receipt of the completed forms, the Clerk will sign each summons, to be forwarded, together with a copy of the complaint (**filing nos. 1, 13, 17, 22, 24, 26, 33 and 35**), to the U.S. Marshal for service of process; a plaintiff proceeding IFP does not have to copy the complaint; the court will do so on the plaintiff's behalf; the Marshal shall serve the summons and complaint without payment of costs or fees; service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal;

2. That the following motions are granted: the plaintiff's Motions to Amend Complaint (filing no. 33 and 35) and the plaintiff's Motion for Information (filing no. 36);

      3.     That the following motions are denied: the defendant's Motion to Dismiss (filing no. 38) and the defendant's Motion for Protective Order (filing no. 44);

      4.     That the following motions are denied as premature, without prejudice to reassertion at a later date, if appropriate: the plaintiff's Motion to Compel (filing no. 40); the plaintiff's Motion for Summary Judgment (filing no. 42); and the plaintiff's Motions for a TRO and Preliminary Injunction (filing nos. 20 and 32);

      5.     That the Dr. Kamal in his individual capacity shall answer the complaint within the time required by Fed. R. Civ. P. 12(a)(4)(A);

      6.     That a defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to the complaint; and

      7.     That the plaintiff shall keep the court informed of his current address at all times while this case is pending; failure to do so may result in dismissal of this litigation.

DATED this 1st day of June, 2005.

                                  BY THE COURT:

                                  s/ Joseph F. Bataillon
                                  JOSEPH F. BATAILLON
                                  Chief District Judge

INSTRUCTIONS: SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1. A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2. A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s). The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3. Do not copy your complaint to attach to a summons; the court will do that for you.

4. You may serve only defendant(s) named in the case caption of the complaint. If a person is not named in the case caption of the operative complaint (generally the most recent complaint), that person will not be served with process. If you wish to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5. Be sure to print your case number on all forms.

6. You must give an address for each party to be served. The U.S. Marshal will not know a defendant's address.

7. You have sued one or more employee(s) of the State of Nebraska or of a State Agency. All official-capacity defendants may be served by use of one summons form directed to the place for service on the State as specified in Neb. Rev. Stat. § 25-510.02. Example:

> TO: **(Name and address of Defendant)**
>
> **All named defendants in their official capacity**
>
> **c/o Nebraska Attorney General**
> **2115 State Capitol**
> **Lincoln, NE 68509**

8. On the other hand, State employees in their *individual* capacity may be served where they can be found, e.g., at home or at their present place of employment.

9. Only one defendant may be named on each summons and each form 285. You must complete one summons and one form 285 for every defendant in his or her *official* capacity, and another summons and form 285 for every defendant in his or her *individual* capacity.

10.     Where a summons form states:   "You are hereby summoned and required to serve on plaintiff's attorney" print your name and address.

11.     Where a form 285 states:   "send notice of service copy to requestor at name and address" print your name and address.

9.     Where a form 285 calls for  "signature of attorney or other originator" provide your signature and date the form.

10.     Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.