IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRELL KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04CV3358 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DR. KAMAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions filed by the plaintiff, Tyrell Knight:

Filing no. 66, Motion to Alter Progression Order Dates;
Filing no. 67, Motion for Summary Judgment;
Filing no. 78, Appeal from Magistrate Judge's Order on Extension of Time;
Filing nos. 82, 88 and 98, Motions to Compel;
Filing nos. 89 and 97, Motions for Inspection and Discovery;
Filing no. 93, Motion to Fine Defendants;
Filing no. 96, Motion for a Deposition; and
Filing no. 101, Motion for Copies.

Also before the court are the following motions filed by the defendants, Dr. Mohammad S. Kamal, Wayne Chandler, Christine Mildorfer, and Captain Diltz:

Filing no. 91, Motion for a Protective Order; and
Filing no. 99, Motion for Sanctions.

In his complaint, as amended and supplemented,[1] the plaintiff, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983. The plaintiff alleges that on September 8, 2003, the following persons participated in administering antipsychotic drugs to him without his consent and against his wishes: Dr. Mohammad S. Kamal, a physician; Wayne

---

[1]The plaintiff's claims, as amended and supplemented, are set forth in his complaint (filing no. 1), Amended Complaint (filing no. 13), Evidentiary Supplement to Amended Complaint (filing no.17), Supplement (filing no. 22), Amendment (filing no. 24), Supplement (filing no. 26), Amendment (filing no. 33), and Amended and Restated Complaint (filing no. 35).

1

Chandler, a physician's assistant; Nurse Christine Mildorfer (sometimes referred to by the plaintiff as "Nurse Jane Doe"); and Captain Diltz (sometimes referred to by the plaintiff as "Captain John Doe").  The plaintiff has sued all defendants in their individual and official capacities (filing no. 35 at 4) for monetary and injunctive relief.

In filing no. 66, the plaintiff's Motion to Alter Progression Order Dates, the plaintiff states that he would like to have a trial in this matter before May 15, 2006.  However, the plaintiff may not realize the extent to which he will have to produce expert testimony in this case, and that he must bear the cost of an expert absent legal authority for shifting the burden of that expense to someone else.  The plaintiff will have to establish by expert testimony that the administration of antipsychotic drugs was medically unwarranted in light of the standards governing when an inmate may be forcibly medicated against his will.  The plaintiff also must establish through a medical expert that he suffered some kind of physical injury as a result of the defendants' actions.  Absent physical injury, the plaintiff cannot recover any damages for emotional distress or pain and suffering.  See 42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act:  "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Because the record suggests that the plaintiff is unprepared for trial, filing no. 66 is denied.[2]  However, if the plaintiff still wishes to advance the trial of this case, notwithstanding the present level of his trial preparation, he may file another motion.

Filing no. 67, the plaintiff's Motion for Summary Judgment, is denied.  The administration of antipsychotic medication to an unwilling prisoner is not forbidden but is circumscribed by due process protections.  Washington v. Harper, 494 U.S. 210 (1990).  The plaintiff has not demonstrated that, in his case, no factual issues remain, and a violation of the Constitution occurred as a matter of law.

Filing no. 78, the plaintiff's Appeal from Magistrate Judge Gossett's Order granting an extension of time to Captain Diltz to answer the complaint, is denied as frivolous.  The court liberally grants extensions of time to pro se plaintiffs, and, therefore, the court affords the same courtesy to defendants in cases in which a plaintiff is proceeding pro se.

In filing no. 101, the plaintiff requests copies of certain papers filed in this case, as Sergeant McCormick and other guards confiscated the plaintiff's legal materials in the course of an altercation in which the plaintiff was beaten and "bashed" in the head.  The Clerk of Court shall send the plaintiff copies of the plaintiff's complaint (filing no. 1),

---

[2]The plaintiff wishes to dispense with a pretrial conference, although it is unclear how, in the absence of direction from the court, he plans to cope with the preparation of trial briefs, exhibit lists, witness lists, expert reports, and his other obligations under the Federal Rules of Civil Procedure.

Amended Complaint (filing no. 13), Evidentiary Supplement to Amended Complaint (filing no.17), Supplement (filing no. 22), Amendment (filing no. 24), Supplement (filing no. 26), Amendment (filing no. 33), and Amended and Restated Complaint (filing no. 35).  Those are the documents which the court views as containing the plaintiff's claims.  The Clerk of Court shall also send the plaintiff a docket sheet for this case.  In addition, counsel for the defendants shall determine forthwith where the plaintiff's legal materials for this case have been placed, and counsel shall show cause within ten (10) days from the date of this Memorandum and Order why DCS cannot return the plaintiff's legal materials to him *immediately* (with or without staples in the discretion of DCS).

In filing no. 93, the plaintiff asks the court to fine the defendants, and in filing no. 99, the defendants ask the court to impose sanctions on the plaintiff.  Both motions are denied. However, the plaintiff is reminded that he is acting as his own attorney.  Therefore, he must conduct himself professionally.  Both the plaintiff and counsel for the defendants must write each other at least one polite letter if a discovery dispute arises, before resorting to a motion before the court.

### Deposition

In filing no. 96, the plaintiff states an interest in taking an oral deposition of one or more of the defendants.  However, he does not state whether he can afford to do so at his own expense.  By proceeding in forma pauperis ("IFP"), the plaintiff does not automatically become entitled, as a matter of right, to shift the cost of an oral deposition to the United States.  Usually, the court requires persons proceeding IFP to use the means for written discovery provided by the federal rules before the court will consider the necessity of an oral deposition.  The court's standard notice regarding written discovery is attached to this Memorandum and Order.  The plaintiff will note that Fed. R. Civ. P. 31 provides for taking a deposition upon written questions.

### Additional Discovery Issues

In filing nos. 82, 88 and 98, the plaintiff moves to compel discovery, and in filing nos. 89 and 97, the plaintiff moves for inspection and discovery. However, in Filing no. 91, the defendants move for a protective order, and in filing nos. 92 and 100, the defendants contend that they have responded to the plaintiff's discovery requests other than production of the records which are the subject of their Motion for a Protective Order.

The plaintiff seeks the following documents and information:

In filing no. 82:  (1) all medications that have been prescribed for the plaintiff (presumably while in DCS custody), the prescribing physician(s), and prescription dates; (2) everything in defendants' possession pertinent to this case; (3) any orders or

documentation filed by this court; (4) identification of "chicken-scratch signatures."

In filing nos. 88 and 89: (1) everything in defendants' possession pertinent to this case; (2) documentation filed in this case by either party; (3) any valuable information being withheld, including medical diagnosis; (4) all records since 1969 concerning incidents in which "any inmate has been given dope by the guard(s) and killed - put in coma / damn near killed ...."

In filing nos. 97 and 98: (1) everything in defendants' possession pertinent to this case; (2) documentation filed in this case by either party; (3) any valuable information being withheld, including medical diagnosis; and (4) records of things that may or are being kept regarding evidence.

In their Motion for Protective Order, the defendants argue that the plaintiff's medical records should not be produced to him because the plaintiff would not understand the records, and the information could be detrimental to his rehabilitation. In addition, the mental health professionals might be uncomfortable reporting candidly if they knew the plaintiff could obtain access to the records. The defendants offer to send the records to an expert appointed by the court to review and determine whether the plaintiff is receiving appropriate care.

However, this case is much more limited than "appropriate care." The plaintiff challenges only the administration of antipsychotic drugs on a specific date, September 8, 2003. At a minimum, the plaintiff is entitled to know why the defendants administered the medications on that date.

On the other hand, the plaintiff may not issue vague and overbroad demands for "everything pertinent or being withheld." That kind of discovery request is called a "fishing expedition" and is not allowed. Also, the defendants have no responsibility to provide the plaintiff with copies of the documents in the court's file, as everything in the court's file has either been served on the plaintiff by the defendants or the court or filed by the plaintiff. In addition, the defendants have no obligation to produce any records concerning other inmates they have " put into a coma" or "nearly killed" as that information has no relevance to this case. Finally, the defendants shall not simply produce the plaintiff's entire inmate file or medical file to the plaintiff.

Instead, the defendants shall make available to the plaintiff[3] the following documents

---

[3]If defendants' counsel wishes to propose a method of inspection which would alleviate some of the problems he anticipates, counsel should feel free to propose any such ideas by way of motion, and the plaintiff may respond.

4

and information: (1) the names of the medications which were prescribed for the plaintiff from his arrival in DCS custody up to and including September 8, 2003, the names of the prescribing physician(s), and the prescription dates; (2) all documents bearing on what medications were involuntarily administered to the plaintiff on September 8, 2003, *and why,* including all records on which the defendants expect to rely at trial or in a motion for summary judgment to justify the administration of the medications on that date, and all records in the plaintiff's file(s) evidencing any concerns or contraindications regarding the administration of those medications to the plaintiff. (3) In addition, the plaintiff is convinced that he developed diabetes as a result of the administration of one or more of the medications on September 8, 2003. Therefore, the defendants shall make available to the plaintiff whatever medical records exist in his files regarding the onset of the plaintiff's diabetes. The defendants shall have thirty (30) days to provide the foregoing records and information to the plaintiff or to file a motion proposing a substitute manner of inspection.

IT IS THEREFORE ORDERED:

1. That filing no. 66, the plaintiff's Motion to Alter Progression Order Dates, is denied at this time, without prejudice to reassertion of a new motion by either side if adjustments to the progression order become necessary;

2. That filing no. 67, the plaintiff's Motion for Summary Judgment, is denied;

3. That filing no. 78, the plaintiff's Appeal from the Magistrate Judge's Order on Extension of Time to Answer, is denied;

4. That filing nos. 82, 88 and 98, the plaintiff's Motions to Compel, are granted in part and denied in part as set forth in this Memorandum and Order;

5. That filing nos. 89 and 97, the plaintiff's Motions for Inspection and Discovery, are granted in part and denied in part as set forth in this Memorandum and Order;

6. That filing no. 91, the defendants' Motion for a Protective Order, is granted in part and denied in part as set forth in this Memorandum and Order;

7. That filing no. 93, the plaintiff's Motion to Fine Defendants, is denied;

8. That filing no. 96, the plaintiff's Motion for a Deposition, is denied at this time;

9. That filing no. 99, the defendants' Motion for Sanctions, is denied; and

10. That filing no. 101, the plaintiff's Motion for Copies, is granted as follows:

      a.    The Clerk of Court shall send the plaintiff a docket sheet and copies of the following documents: the complaint (filing no. 1), Amended Complaint (filing no. 13), Evidentiary Supplement to Amended Complaint (filing no. 17), Supplement (filing no. 22), Amendment (filing no. 24), Supplement (filing no. 26), Amendment (filing no. 33), and Amended and Restated Complaint (filing no. 35); and

      b.    Counsel for the defendants shall determine forthwith where the plaintiff's legal materials for this case have been placed, and counsel shall show cause within ten (10) days from the date of this Memorandum and Order why DCS cannot return the plaintiff's legal materials to him *immediately*.

DATED this 17th day of January, 2006.

                              BY THE COURT:

                              s/ Joseph F. Bataillon
                              JOSEPH F. BATAILLON
                              Chief District Judge

## NOTICE to PRO SE LITIGANTS re WRITTEN DISCOVERY

The Federal Rules of Civil Procedure permit a party to serve written discovery requests upon another party. See, e.g.:

Rule 31 - depositions upon written questions

Rule 33 - interrogatories

Rule 34 - requests for documents

Rule 36 - requests for admission.

A plaintiff does not need leave of court to engage in written discovery (interrogatories, depositions upon written questions, and requests for production of documents or admissions) on parties to the case. See Fed. R. Civ. P. 31, 33, 34 and 36 (copies attached). Discovery requests are to be mailed, in the case of a represented party, to the attorney for the party from whom the discovery is sought.

To obtain documents from a person or entity who is not a party to the case, such as to obtain the plaintiff's medical records from a doctor who is not a defendant, the plaintiff must proceed pursuant to Fed. R. Civ. P. 45, which relates to subpoenas on nonparties.

Rule 31. Depositions Upon Written Questions

(a) Serving Questions; Notice.

(1) A party may take the testimony of any person, including a party, by deposition upon written questions without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45.

(2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties.

>   (A) a proposed deposition would result in more than ten depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by third-party defendants;
>
>   (B) the person to be examined has already been deposed in the case; or
>
>   (C) a party seeks to take a deposition before the time specified in Rule 26(d).

(3) A party desiring to take a deposition upon written questions shall serve them upon every other party with a notice stating (1) the name and address of the person who is to answer them, if known, and if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs, and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken. A deposition upon written questions may be taken of a public or private corporation or a partnership or association or governmental agency in accordance with the provisions of Rule 30(b)(6).

(4) Within 14 days after the notice and written questions are served, a party may serve cross questions upon all other parties. Within 7 days after being served with cross questions, a party may serve redirect questions upon all other parties. Within 7 days after being served with redirect questions, a party may serve recross questions upon all other parties. The court may for cause shown enlarge or shorten the time.

(b) Officer to Take Responses and Prepare Record. A copy of the notice and copies of all questions served shall be delivered by the party taking the deposition to the officer designated in the notice, who shall proceed promptly, in the manner provided by Rule 30(c), (e), and (f), to take the testimony of the witness in response to the questions and to prepare, certify, and file or mail the deposition, attaching thereto the copy of the notice and the questions received by the officer.

(c) Notice of Filing. When the deposition is filed the party taking it shall promptly give notice thereof to all other parties.

Rule 33. Interrogatories to Parties

(a) Availability. Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2). Without leave of court or written stipulation, interrogatories may not be served before the time specified in Rule 26(d).

(b) Answers and Objections.
    (1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

    (2) The answers are to be signed by the person making them, and the objections signed by the attorney making them.

    (3) The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.

    (4) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

    (5) The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

(c) Scope; Use at Trial. Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence.
An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

(d) Option to Produce Business Records.
Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Rule 34. Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes

(a) Scope. Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

(b) Procedure. The request shall set forth, either by individual item or by category, the items to be inspected and describe each with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. Without leave of court or written stipulation, a request may not be served before the time specified in Rule 26(d).

The party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

(c) Persons Not Parties. A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.

Rule 36. Requests for Admission

(a) Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. Without leave of court or written stipulation, requests for admission may not be served before the time specified in Rule 26(d).

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre- trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.