IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TYRELL KNIGHT,                          )
                                        )
            Plaintiff,                  )            4:04cv3358
                                        )
      vs.                               )     MEMORANDUM AND ORDER
                                        )
DR. KAMAL, et al.,                      )
                                        )
            Defendants.                 )


      This matter is before the court on the following pending motions: (1) filing no. 107, the Motion for Contempt Citation filed by the plaintiff, Tyrell Knight; (2) filing no. 113, the plaintiff's Motion to Reconsider; (3) filing no. 132, the plaintiff's Motion for Contempt Citation; and (4) filing no. 144, the plaintiff's Motion for Additional Summons and 285 Forms. The plaintiff, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983. He alleges that prison officials and medical staff have subjected him to the administration of antipsychotic medication without his consent and have denied proper medical treatment, in violation of the Eighth Amendment to the United States Constitution.

      The plaintiff's claims, as amended and supplemented, are set forth in his complaint (filing no. 1), Amended Complaint (filing no. 13), Evidentiary Supplement to Amended Complaint (filing no.17), Supplement (filing no. 22), Amendment (filing no. 24), Supplement (filing no. 26), Amendment (filing no. 33), and Amended and Restated Complaint (filing no. 35). Recently, the plaintiff has also filed an Amendment to Petition (filing no. 143), without leave of court, in which he purports to add additional parties, for which he seeks additional summons forms and USM-285 forms in filing no. 144. However, this case has been on file since November 19, 2004, and the complaint has been amended and supplemented many times. The Progression Order (filing no. 51) established a deadline of July 15, 2005 for amending pleadings. At this late stage in the case, leave to amend is not, and will not be, granted, and no additional amendments or supplements to the complaint are or will be accepted or approved. Therefore, filing no. 143 will be stricken, and filing no. 144 is denied.

      Construed liberally, filing no. 107, entitled a Motion for Contempt Citation, is a motion for sanctions against the defendants' previous attorney who has since withdrawn from the case. The motion is denied as frivolous and moot.

      In filing no. 132, the plaintiff moves to hold a videotape in contempt. Construed liberally, filing no. 132 is actually a motion for an order to prevent spoliation of a videotape, which the plaintiff wishes to preserve as evidence, concerning a February 24, 2006 forcible

1

administration of psychotropic medication.  Filing no. 132 will be granted to the following limited extent.  Without determining whether the videotape would be admissible as evidence in this or any other proceeding, the defendants are nevertheless ordered to preserve the videotape and ensure that it is not destroyed, lost or taped over for at least four years from the date of this order.   The plaintiff is entitled to preservation of the tape for the period of the statute of limitations, in the event he may choose to pursue a claim related to the events which occurred in February of 2006.

In filing no. 113, the plaintiff clarifies that he does not seek damages for emotional distress and that he alleges physical injury because he was assaulted when his body was pierced by the needle of an unwanted injection.  The plaintiff's clarifications to his theory of the case are noted.

THEREFORE, IT IS ORDERED:

1.      That filing no. 107, liberally construed as the plaintiff's motion for sanctions, is denied;

2.      That filing no. 113, the plaintiff's Motion to Reconsider, is granted insofar as the plaintiff's clarifications to his theory of the case are noted;

3.      That filing no. 132, liberally construed as the plaintiff's motion to preserve evidence, is granted to the following limited extent: The defendants shall preserve the videotape which is the subject of the motion and shall ensure that the tape is not destroyed, lost or taped over for at least four years from the date of this order; and

4.      That the Clerk of Court shall strike filing no. 143, the plaintiff's Amendment to Petition; and filing no. 144, the plaintiff's Motion for Additional Summons and 285 Forms, is denied.

DATED this 7th day of June, 2006.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge